JAMES D. PETRUZZI (SBN 15853280)
MASON & PETRUZZI
4900 Woodway, Suite 745
Houston, Texas 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100

Attorneys for Plaintiff LARRY JUNKER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **LARRY G. JUNKER** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** 3:07-cv-5094 |
| | § | |
| **v.** | § | |
| | § | |
| **HDC CORPORATION** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

PLAINTIFF'S RESPONSE TO ORDER TO SHOW
CAUSE AND CASE MANAGEMENT CONFERENCE
STATEMENT

Plaintiff Larry G. Junker ("Junker"), hereby submits a Case Management

Conference Statement pursuant to the Court's Order of January 17, 2008 and response to

Order To Show Cause.

I.       Response to Order to Show Cause

Plaintiff responds to the Court's order to show cause regarding its failure to attend

the original management conference.  Plaintiff filed this action on October 3, 2007.

Before the case was served, Plaintiff's counsel received a phone call from a representative of Defendant. There were some initial discussions regarding resolution of the case. After several emails and phone messages were left with Defendant's representative, Defendant stopped returning phone calls and emails. At that point, Plaintiff engaged a process server to serve the following:

1. The original summons,
2. Complaint,
3. Order Setting Initial Case Management Conference and ADR deadlines,
4. Standing Order,
5. Case Management Conference Order,
6. Magistrate Judges' Uniform Standing Order for Motion Practice,
7. Order re Electronic Filing, and
8. Declination to proceed before Magistrate Judge.

These papers were served November 21, 2007.

However, at or about the time of service, Plaintiff's counsel did not receive confirmation from the process server that the papers had been served. After repeated calls and requests from Plaintiff's counsel that the process server file the affidavit of service, the affidavit of service was apparently filed on December 31, 2007. Several days later on January 6, 2008, the Court issued a notice of receipt of the affidavit of service. The January 6, 2008 notice was the first confirmation to Plaintiff's counsel that process had been completed.

In the interim, Plaintiff had been preparing its request for default. Because Defendant had not answered, or even engaged Plaintiff in a discussion regarding the case, Plaintiff had not prepared a management conference statement, but instead intended to seek a default. It was through inadvertence and Defendant's failure to respond that caused Plaintiff's counsel not to timely file a management conference statement since there was little to report to the Court.

Plaintiff filed a request for default one week after learning that the affidavit of service was filed.  Plaintiff moved quickly to prepare and file the request for default which is the proper procedure after the time for responding to the complaint has passed and the affidavit of service has been filed.  The Clerk entered a default on January 22, 2008.

Plaintiff seeks leave to serve discovery on Defendant in light of there being no Rule 26 conference.  Plaintiff needs documents, interrogatories and a deposition of the Defendant on issues principally relating to damages and willful infringement.  Once that discovery is obtained, Plaintiff will be in a position to file a motion for entry of judgment in an amount to be determined by the Court and attorneys fees.

II.    Case Management Conference Statement

Plaintiff submits the following statement without participation by Defendant in that Defendant has not answered or otherwise pleaded to the complaint and is in default.  Plaintiff addresses each of the items in order listed in the Court's Management Conference Order.

a) The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue:  Patent infringement action under 35 U.S.C. § 271 et seq.; 28 U.S.C. §§ 1331 and 1338.  There is no issue regarding personal jurisdiction or venue.

b) The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims:  Plaintiff is owner of U.S. Design

Patent No. D450,839 entitled "handle for Introducer Sheath."  Defendant willfully sold introducer sheaths that infringed the claim of the patent.  No defenses or counterclaims have been filed and a default has been entered.  Liability is thus established for patent infringement.

c) Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court:  There are no pending related cases.

d) Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment:  Plaintiff has consented and Defendant has not responded.

e) A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6:  A default was entered on January 22, 2008.

f) A description of all pending motions and their current status:  There are no pending motions.

g) A description of all motions expected before trial:  Plaintiff seeks leave to serve written discovery and the opportunity to take depositions of Defendant on the issues of damages, willfulness and attorneys fees.

h) The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings:  Plaintiff does not anticipate adding any new parties.

i) The extent to which evidentiary, claim construction, or class certification hearings are anticipated:  In view of the default, there is no need for claim construction hearings.

j) The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):  Plaintiff seeks leave to serve discovery and seek depositions of Defendant.  No changes to normal discovery procedures are requested.

k) The extent to which any special discovery or other problems or issues have arisen or are expected:  none.

l) Proposed deadlines and court dates, including trial date:  Plaintiff seeks a discovery cut-off within 4 months of getting leave to initiate discovery.  Plaintiff proposes that damages and attorneys fees be resolved by affidavit and evidentiary submission without a hearing.  No trial date need be set in light of the default.

m) The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded:  not applicable.

**PLAINTIFF'S RESPONSE TO OSC AND CASE MANAGEMENT CONFERENCE STATEMENT -- PAGE 5**

n) What damages and other relief are sought and what method is used to compute such damages:  Plaintiff will seek recovery of Defendant's profits on the sales of all infringing products and related goods and attorneys fees.  In no event, will plaintiff seek less than a reasonable royalty and treble damages.  Damages are calculated based on Defendant's sales of infringing goods and related items.

o) ADR efforts to date and a specific ADR plan for the case:  none.

p) The extent to which a special master should be involved in the case:  not necessary.

q) A service list for all counsel that includes telephone and fax numbers:  James D. Petruzzi, MASON & PETRUZZI, 4900 Woodway, Suite 745, Houston, Texas 77056, Telephone: (713) 840-9993, Facsimile:(713) 877-9100.  No Defense counsel has appeared.

r) Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action:  None.

Respectfully submitted,

/s/ James D. Petruzzi
James D. Petruzzi
Texas Bar No. 15853280
MASON & PETRUZZI
4900 Woodway, Ste. 745
Houston, Texas  77056
Telephone:    (713) 840-9993
Facsimile:    (713) 877-9100
eMail:  JPetruzzi@MasonPetruzzi.com

CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008 I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO OSC AND CASE MANAGEMENT CONFERENCE STATEMENT** with the clerk of court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court.  The following attorneys of record for Defendant have consented in writing to accept notice as service of this document by electronic means and are being served by a "Notice of Electronic Filing" sent by the electronic case filing ("ECF") system: [n/a].

/s James D. Petruzzi_____
James D. Petruzzi