JAMES D. PETRUZZI (SBN 15853280)
MASON & PETRUZZI
4900 Woodway, Suite 745
Houston, Texas 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100
eMail:JPetruzzi@MasonPetruzzi.com

Attorneys for Plaintiff LARRY JUNKER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **LARRY G. JUNKER** § | | |
| § | | |
| Plaintiff, § | **CIVIL ACTION NO.** 3:07-cv-5094 | |
| § | | |
| v. § | | |
| § | | |
| **HDC CORPORATION** § | **JURY TRIAL DEMANDED** | |
| § | | |
| Defendant. § | | |
| § | | |

## PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT

Plaintiff Larry G. Junker ("Junker"), hereby seeks a judgment of damages, pursuant to Rule 55(b) of the Federal Rule of Civil Procedure, based on the entry of default against Defendant HDC Corporation dated January 22, 2008 and would show as follows:

On January 22, 2008, the Clerk entered a default judgment against HDC Corporation which is deemed an admission by defendant of all allegations of the complaint. Defendant has thus admitted that it has "has willfully and knowingly made,

used, sold and/or offered for sale devices embodying the patented invention that constitute infringement of U.S. Patent No. D450,839 in violation of 35 U.S.C. §271, *et seq*." thus establishing liability on all claims asserted in this action. Complaint, ¶5.

This is an action for patent infringement of a design patent. Plaintiff is entitled to damages in an amount no less than a reasonable royalty or the full profits of Defendant attributable to the infringing activities:

> "Whoever during the term of a patent for a design, without license of the owner …sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit…"

35 U.S.C. §289.

Defendant sold Introduction Kits that embodied the Introducer Sheath which was the subject of the patent in suit, D450,839. In an email from the President of HDC, Tim Duvall, HDC admitted that it sold 1182 Introducer Kits at a cost of $20.00 per Kit. See Declaration of James D. Petruzzi, Exhibit A filed and served herewith (hereinafter "JDP Decl."). Thus, total income on the sales of infringing units is $20 dollars times the number of kits sold, 1182 or $23,640.00. Defendant has not put forward any basis for reducing this total amount reflecting any legitimate costs and thus the amount of $23,640.00 is the proper measure of lost profits damages.

At a minimum, HDC has asserted its profit margin to be at least 44.5% of its total sales of kits, thus damages may be no less than $10,519.80, assuming there is a basis for reducing the revenue amount by this unsubstantiated factor.

It is entirely appropriate to include the total unit sales in calculating damages under the "Entire Market Value" rule, which permits showing "lot profits by the 'entire market value rule' …based on a showing that the patentee could reasonably anticipate the

sale of the unpatented components together with the patented components." *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F2d. 1320 (Fed. Cir 1987). Since all of the HDC's introducer sheaths were sold in a kit, the proper measure of damages is based on kit sales revenues.

Based on Defendant's admission that its infringement was willful, attorneys fees are appropriately assessed under 35 U.S.C. §285. Attorney's fees expended in connection with this litigation amount to $3,643.75. See JDP Decl. ¶4, Exhibit B attached thereto.

A trial court is afforded wide latitude in determining the interest rate at which pre-judgment interest should be assessed and may award such interest at or above the prime rate. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). HDC discontinued sales after an injunction was issued in a previous suit against the manufacturer, Galt Medical, in December of 2003. JDP Decl. ¶2. To simplify calculations, Plaintiff seeks to impose pre-judgment interest on all sales as if they were completed by December 2003 and apply one rate to all sales for the subsequent four years since HDC allegedly discontinued its sales. Therefore, conservatively, interest should be calculated from January 2004 through January 2008, the date of entry of judgment. The historical annual prime rates for January 2004, 2005, 2006 and 2007 were 4.00%, 5.25%, 7.26 and 8.25%, respectively. JDP Decl. ¶5, Exhibit C. Multiplying the total amount of damages by each interest amount yields interest of $945.60, $1241.10, $1716.26 and $1950.30 for each year, for a total interest calculation of $5,853.26.

Therefore, based on the undisputed evidence, Junker seeks entry of a default judgment in the amount of $23,640.00 in damages, $3,643.75 for attorney's fees and $5,853.26 for pre-judgment interest.

Respectfully submitted,

    /s/ James D. Petruzzi
James D. Petruzzi
Texas Bar No. 15853280
MASON & PETRUZZI
4900 Woodway, Ste. 745
Houston, Texas  77056
Telephone:     (713) 840-9993
Facsimile:     (713) 877-9100
eMail:  JPetruzzi@MasonPetruzzi.com

Attorneys for Plaintiff Larry G. Junker

CERTIFICATE OF SERVICE

      I hereby certify that on April 3, 2008 I electronically filed the foregoing PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT with the clerk of court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court. The following attorneys of record for Defendant have consented in writing to accept notice as service of this document by electronic means and are being served by a "Notice of Electronic Filing" sent by the electronic case filing ("ECF") system:

      [n/a].

      A copy of the foregoing motion was mailed certified mail, return receipt requested to HDC Corporation at 628 Gibraltar Ct. Milpitas, CA 95035.

/s James D. Petruzzi
James D. Petruzzi